# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:01-CR-2-2-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | MEMORANDUM |
| DALTON DION HOPKINS, ) | OF DECISION |
| ) | |
| Defendant. ) | |
| ) | |

In this matter before the Court for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the U.S.S.G. (made retroactive by Amendment 713), the Court makes the following findings and conclusions:

1. Defendant is eligible for a sentence reduction to a period of confinement equal to 86 months (with a consecutive sentence of 40 months as to Count Eleven) for the reasons set forth in the Supplement to the Presentence Report.

2. In the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2) provides that the Court *may* reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. In the Commentary to U.S.S.G. § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is discretionary and that retroactivity does not entitle a defendant to a reduced term of imprisonment as a matter of right.

3. While conceding eligibility, the Government objects to a reduction "because of the

extraordinary acts of violence committed by the conspiracy in which Defendant knowingly and voluntarily participated"—including numerous armed robberies and related shootings—"as well as the number of disciplinary citations Defendant has received while in custody"—including two assaults, one with a deadly weapon—thus "evidencing a clear disregard for the law." Citing the *Medjuck* case, Defendant argues that a Defendant's post-conviction disciplinary issues should not bar a reduction in sentence. While such considerations must be weighed on a case-by-case basis, the Court determines in light of all the circumstances that this case is not an appropriate one for relief.

4. Upon consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the possible threat to public safety posed by the early release of a person with this defendant's criminal predispositions, and this defendant's post-sentencing misconduct, the court finds that the original sentence of **97 months** (with 40 months consecutive as to Count Eleven)—which already represents a meaningful reduction based on Defendant's substantial assistance—is the minimal sentence appropriate to accomplish the objectives of sentencing.[1]

An appropriate Order shall issue separately.

Signed: April 24, 2009

Frank D. Whitney
United States District Judge

---

[1] The Court notes that it is not required under Fourth Circuit case law to undertake an exhaustive analysis of all of the § 3553(a) factors in this Order. See United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000).