UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-688-FDW
3:01-cr-00002-FDW-2

| | |
|---|---|
| DALTON DION HOPKINS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will be dismissed as untimely.

## I.  BACKGROUND

On October 24, 2002, Petitioner was convicted of conspiracy with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and the use, carrying, and possession of a firearm during in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Eleven). (3:01-cr-00002, Doc. No. 118: Judgment in a Criminal Case at 1-2). Petitioner did not note a direct appeal and his judgment became final on or about November 5, 2001.

On October 15, 2012, Petitioner filed the present motion under Section 2255 seeking collateral relief from his sentence. Petitioner contends that is entitled to be resentenced based on the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Petitioner argues that he should not have received three points for convictions which were

1

identified in his presentence report ("PSR") and will be discussed below.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (f)  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner argues that he is entitled to file his Section 2255 pursuant to the recent *Supreme Court* case in United States v. Simmons. (3:12-cv-688, Doc. No. 1 at 1). While the Court notes that the Simmons case was actually decided by the Fourth Circuit, it is really of no consequence as Petitioner can present no colorable claim for relief.[1]

Petitioner contends that because he did not receive actual sentences for previous convictions that exceeded one year, he is entitled to have his prior criminal history recalculated and to be resentenced based on this lower calculation. Petitioner appears to assert that he is entitled to relief under Simmons because the Court has changed the way that prior felony convictions are examined in determining whether a defendant qualifies as a career offender. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst

---

[1] For the reasons explained below, Petitioner cannot demonstrate that he is entitled to equitable tolling in an effort to excuse the late filing of his petition. In order to be entitled to equitable tolling show Petitioner must show that he has been diligently pursuing his rights to collateral relief and that failure to apply equitable tolling to excuse the one-year time limitation would result in a "gross injustice." See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Where, as here, Petitioner presents a meritless claim the application of equitable tolling clearly cannot apply because he has no right to collateral relief.

possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Petitioner takes issue with three convictions that are identified in his PSR for which he received one criminal history point each: (1) assault with a deadly weapon with intent to kill in 1997; (2) possession with intent to sell and deliver cocaine, also in 1997; and (3) failure to heed light or siren in 1998. (3:01-cr-00002, Doc. No. 191: PSR ¶¶ 34-35, 37). These points were assessed pursuant to the 2001 version of the USSG § 4A1.1(c) which was controlling at the time Petitioner was sentenced. Section 4A1.1(c) provides that 1 point shall be added for each prior sentence not counted in (a) (three points added for a sentence of imprisonment exceeding one year and one month) or (b) (two points added for each prior sentence of imprisonment of at least sixty days not counted in (a)). After reviewing his motion and the record in this matter, the Court finds that Petitioner's arguments are without merit.

### IV.     CONCLUSION

There is simply no indication that the holding in Simmons, even if it were retroactive to a conviction sustained and made final in 2001, could afford Petitioner any relief. The Court finds that Petitioner has failed to demonstrate that he has a meritorious claim and therefore he has failed to show that he could benefit from the equitable tolling of the one-year statute of limitations. Petitioner's Section 2255 will therefore be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that Petitioner Section 2255 is **DISMISSED** as untimely. (Doc. No.1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 26, 2012

Frank D. Whitney
United States District Judge